UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                             CRIMINAL ACTION NO.: 3:24-CR-00038-RGJ

DEAJAE RHODES                                                    DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Emily Lantz, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for September 17, 2024.

### Statutory Sentencing Provisions

On June 26, 2024, Deajae Rhodes pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), pursuant to a written Rule 11(c)(1)(C) plea agreement. The parties agreed on a sentence of 70 months (Plea Agreement, DN 11). A conviction under this statute carries the potential penalty of not more than 15 years imprisonment, a potential maximum fine of $250,000, and a term of supervised release of not more than three years.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR, DN 18), which concludes that the total offense level applicable to the offenses should be 27 (PSR ¶ 48). The PSR also concludes that the defendant's criminal history places him in Criminal History Category III.  (PSR ¶ 61).  Based upon a total offense level of 27 and a criminal history category of III, the guideline imprisonment range is 87 to 108 months. (PSR ¶ 89). The United States does not have an objection to these guideline calculations.

<u>Analysis of § 3553(a) Factors</u>

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5)    any pertinent policy statement--

    . . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

The United States shall make sentencing recommendations to the Court consistent with the Rule 11(c)(1)(C) plea agreement, including a request for a two-level downward variance based upon facts and circumstances related to the defendant and this case. It is the position of the United States that a sentence of 70 months would accomplish the sentencing purposes of 3553(a). The proposed sentence in this action will adequately promote respect for the law, reflect the seriousness

of the offenses, provide just punishment for the offenses, protect the public, deter further criminal

conduct, and provide the defendant with needed correctional treatment.

Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to

sentence the defendant to 70 months, followed by a term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*Emily Lantz*

Emily Lantz
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911
Emily.Lantz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Emily Lantz*
Emily Lantz
Assistant U.S. Attorney